IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WOOD and CHERYL WOOD, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 04-10015-WGY |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW Defendant, United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher Alberto, Assistant United States Attorney for said District, and answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore, denies the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore, denies the same.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits that on or about April 11, 2002 at approximately 3:38 p.m., Plaintiff Robert Wood was operating a motorcycle on Route 27/Cochituate Road in Wayland, Massachusetts. Except as expressly admitted herein, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5, and therefore, denies the same.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant admits that Joseph C. Borsellino submitted a document postmarked April 25, 2003 and entitled "Federal Tort Claims Act —28 USCS 2675 Presentment" relating to claims made by Robert and Cheryl Wood. The remainder of the allegations contained in paragraph 11 state a legal conclusion to which a response is not necessary.

12. Defendant admits that on or about April 28, 2003, it sent to Plaintiffs two SF 95 claim forms. Defendant admits that it received completed claim forms dated May 3, 2003. The remainder of the allegations contained in paragraph 12 state a legal conclusion to which a response is not necessary.

13. Defendant admits that it mailed its denial of claim to Plaintiff via certified mail on or about July 14, 2003. The remainder of paragraph 13 states a legal conclusion to which a response is not necessary.

14. The allegations contained in paragraph 14 state a legal conclusion to which a response is not necessary.

## CAUSES OF ACTION

15. Defendant realleges and incorporates by reference its answers to paragraphs one through fourteen of the Complaint as if fully set forth herein.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

## DEMAND FOR RELIEF

A. Defendant denies paragraph A. of the Demand for Relief.

B. Defendant denies paragraph B. of the Demand for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiffs administrative claim presented to the United States Postal Service.

3. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4. Plaintiffs Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

5. Plaintiffs damages and losses, if any, were solely and proximately caused by Plaintiffs own negligence, carelessness or recklessness.

6. Plaintiffs fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiffs recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident. Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

7. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States Postal Service.

8. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

WHEREFORE, having fully answered Plaintiffs Complaint, Defendant respectfully moves this Court to dismiss Plaintiffs Complaint, for its costs incurred herein, and for such further relief as is just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:_____/s/_____
Christopher Alberto
Assistant United States Attorney
District of Massachusetts
One Courthouse Way
United States Courthouse, Suite 9200
Boston, Massachusetts 02210
Tel: 617-748-3100
Fax: 617-748-3974

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the Answer was mailed this <u>12</u> day of April 2004:

Joseph C. Borsellino, Esq.
David R. Bikofsky, Esq.
Gillis & Bikofsky, P.C.
1150 Walnut Street
Newton Heights, MA 02461 -1 229

                                                                                                        /s/_____

Christopher Alberto
Assistant U.S. Attorney