UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT WOOD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) | NO. 04-10015-JGD |
| | ) | |
| U.S. POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF REFERENCE
FOR
ALTERNATIVE DISPUTE RESOLUTION**

After consultation with counsel and after consideration of the various alternative dispute resolution programs (ADR) available, I find this matter appropriate for ADR and accordingly, refer this case to _____ Judge A. David Mazzone  for the following ADR program **to be held in September or October, 2004:**

| | | | |
|---|---|---|---|
| _____ | SCREENING CONFERENCE | _____ | EARLY NEUTRAL EVALUATION |
| __X__ | MEDIATION | _____ | MINI-TRIAL |
| _____ | SUMMARY BENCH/JURY TRIAL | _____ | SETTLEMENT CONFERENCE |
| _____ | SPECIAL MASTER | | |
| _____ | PRIVATE ALTERNATIVE DISPUTE RESOLUTION PROGRAM | | |

Upon notification of the time and place designated for the proceeding, counsel are directed to be present with their clients or with appropriate settlement authority and to provide any written documentation which may be required for the particular ADR program. If counsel is engaged on trial or has any scheduling conflict and a continuance becomes necessary, the provider of the ADR program and other counsel should be advised of the conflict immediately.

June 2, 2004                                             /s/Judith Gail Dein

    DATE                                         JUDITH GAIL DEIN
                                                 UNITED STATES MAGISTRATE JUDGE

CASE CATEGORY

| | | | |
|---|---|---|---|
| Admiralty | _____ | Antitrust | _____ |
| Civil Rights | | Contract | |
| Copyright/Trademark/Patent | _____ | Environmental | _____ |
| ERISA | _____ | FELA | _____ |
| Labor Relations | _____ | Medical Malpractice | _____ |
| Personal Injury | __X__ | Product Liability | _____ |
| Shareholder Dispute | _____ | | |
| Other | _____ | | |